# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| LYN LEWIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:25-CV-00064 RWS |
| ) | |
| CLAY STANTON, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon petitioner's response to the Order to Show Cause why this action should not be dismissed as untimely. [ECF No. 8]. Because the record shows that the application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is time-barred, this action will be denied and dismissed.

## Background

Petitioner Lyn Lewis is a self-represented litigant who is currently incarcerated at the Northeast Correctional Center in Bowling Green, Missouri. On August 28, 2025, petitioner filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. [ECF No. 1]. Petitioner indicated he was challenging a judgment of conviction from St. Louis County Circuit Court in St. Louis, Missouri.

On September 11, 2025, the Court reviewed petitioner's case history on Case.net, Missouri's online case management system, to find the underlying state criminal case. The Court took judicial notice of the public state records as follows:[1]

---

[1] *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

> [P]etitioner was convicted of rape following a jury trial in St. Louis County, Missouri July 11, 1990. *State v. Lewis*, No. 21CCR-603863 (21st Jud. Cir., St. Louis County Court). On August 13, 1990, petitioner was sentenced as a persistent sexual offender to forty years of imprisonment in the Missouri Department of Corrections. On November 21, 1990, petitioner appealed his sentence to the Missouri Court of Appeals, and on June 24, 1991, the appellate court filed a mandate affirming his conviction and sentence. On September 30, 2024, petitioner filed a motion to vacate his sentence with the St. Louis County Circuit Court. *Lewis v. State,* No. 24SL-CC06646 (21st Jud. Cir., St. Louis County Court). The Circuit Court denied petitioner's request for relief as untimely on December 9, 2024. *Id.* Petitioner placed his application for writ of habeas corpus in the prison mail system at Northeast Correctional Center (NECC) on August 28, 2025.

ECF No. 5 at 1-2.

The Court noted that pursuant to Missouri Supreme Court Rule 83.02, petitioner's conviction and sentence became final, on direct appeal, fifteen days after the Missouri Court of Appeals issued its judgment in 1991. [ECF No. 5 at 3]. Although petitioner filed a motion to vacate his sentence in St. Louis County Court thirty-two years after his sentence was final under 28 U.S.C. 2244(d)(1)(A), it could not toll his statute of limitations, as it was filed out of time.[2] Thus, on September 11, 2025, *see* ECF No. 5, petitioner was directed to show cause as to why his petition should not be dismissed as untimely.

Petitioner filed a response to the Court's Order to Show Cause on October 2, 2025. [ECF No. 8]. He asserts that he was placed in Administrative Segregation at Missouri State Penitentiary in April 1991 and kept there "for approximately 2 to 3 years." *See id.* at 1. Although he was sent a copy of the ruling from the Missouri Court of Appeals by his attorney, he "was given no record of the court's action." Thus, "there was no way for movant to give any creedence [sic] or credibility

---

[2]*See Maghee v. Ault,* 410 F.3d 473, 475 (8th Cir. 2005). *See also* 28 U.S.C. § 2244(d)(2) ("The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any limitation period under this subsection") (emphasis added).

2

to his appeals." Petitioner also complains that he has never been given a copy of his trial transcript, which he believes prejudiced his ability to file additional proceedings challenging his conviction and sentence. Last, petitioner complains that he was subject to "double jeopardy" when he was sentenced to forty years imprisonment instead of thirty years.

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

The United States Supreme Court has held that a judgment becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For Missouri prisoners who file a direct appeal but fail to file a motion for transfer with the Missouri Supreme Court, the judgment becomes final on the date the time for filing an application for transfer expires. *See* Mo. Sup. Ct. R. 83.02 (stating that a party seeking transfer to the Missouri Supreme Court must file an application for such transfer "within fifteen days of the date on which the opinion, memorandum decision, written order, or order of dismissal is filed). As noted above, petitioner's conviction and sentence became final, on direct appeal, fifteen days after the Missouri Court of Appeals issued its judgment in 1991. Accordingly, the instant application for habeas corpus is approximately thirty-two years too late.

Petitioner's response to the Order to Show Cause does not dispute the Court's summary of the timeline, nor does he dispute that his § 2254 habeas petition is untimely. Instead, petitioner asserts that despite being given a copy of the 1991 ruling from the Missouri Court of Appeals, he was "given no record of the Court's action." Petitioner does not explain what he means by this

3

statement except to say that he was, therefore, unable to give credence or credibility to the ruling. He also complains that he could not further challenge his conviction because he did not have a copy of the trial transcript. Last, petitioner complains that he was subject to "double jeopardy" because he was resentenced to a longer sentence. These assertions do not entitle petitioner to equitable tolling of the statute of limitations.

A petitioner seeking application of equitable tolling must show that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). *See also Keller v. Pringle*, 867 F.3d 1072, 1075-76 (8th Cir. 2017). The burden is on the petitioner to demonstrate grounds warranting equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "The use of equitable procedures to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009).

As to the first prong, the diligence that is required for equitable tolling is "reasonable diligence, not maximum feasible diligence." *Burks v. Kelley*, 881 F.3d 663, 666 (8th Cir. 2018). Regarding the second prong, there must be an extraordinary circumstance that is beyond the prisoner's control, and which rises above "a garden variety claim of excusable neglect." *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017). This extraordinary circumstance must have made it impossible for the prisoner to file a petition in time. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). Further, the extraordinary circumstance must be external to the petitioner and not attributable to his actions. *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012). Equitable tolling

4

provides otherwise time-barred petitioners with "an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).

Petitioner is not entitled to equitable tolling based on the reasons he provided. First, there is no indication petitioner needed a trial transcript to file a petition for writ of habeas corpus. As he states in his response brief, he is still not in possession of a trial transcript at this time, yet he filed a motion to vacate in St. Louis County Circuit Court in September 2024, and he filed his petition for writ of habeas corpus in this Court on August 28, 2025. Additionally, the Court-form only requires a short and plain statement of the grounds upon which petitioner is seeking to overturn his conviction. To the extent petitioner is arguing that he is entitled to equitable tolling because he lacked legal knowledge, "[p]ro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004). If petitioner is attempting to argue that he is entitled to equitable tolling because he is actually innocent of the crimes for which he was charged due to "double jeopardy," from having been resentenced, this also does not qualify. *See Flanders v. Graves*, 299 F.3d 974, 976-77 (8th Cir. 2002) (claim of actual innocence could not justify equitable tolling).

Second, petitioner's statement that he was in Administrative Segregation for several years after the Missouri Court of Appeals issued its ruling does not equate to diligence on his part. Petitioner had one year and fifteen days from the judgment of the Missouri Court of Appeals in 1991 to file his habeas corpus petition in this Court. Petitioner could have also chosen to file a motion to vacate in St. Louis Circuit Court immediately after the ruling by the Missouri Court of

5

Appeals, which would have tolled the filing of his habeas corpus action. *See Maghee,* 410 F.3d at 475. The fact that he was in Administrative Segregation during this time and did not have access to the trial transcript does not justify equitable tolling. The tolling doctrine applies where "extraordinary circumstances beyond a prisoner's control prevent timely filing" and "the prisoner has demonstrated diligence in pursuing the matter." *United States v. Martin*, 408 F.3d 1089, 1093-1095 (8th Cir. 2005). Petitioner has not indicated that he was unable to send or receive mail while he was in Administrative Segregation. In fact, he admits that he did receive mail from his counsel during that time. Even if petitioner only had access to notebook paper, that would have been more than adequate to write his application for writ of habeas corpus (or motion to vacate) to preserve his statute of limitations. *Compare to Higgins v. United States*, 2020 WL 587690, *5 (no equitable tolling when petitioner alleged he did not have access to his "legal papers and property" for seven months; there was "no showing that these papers were necessary for movant to file his motion" and he provided "no explanation as to why [he] did not attempt to file anything whatsoever"). *See also Kreutzer*, 231 F.3d at 463 (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").

The Court, therefore, finds that petitioner is not entitled to equitable tolling and his application for writ of habeas corpus is time-barred, and will therefore deny and dismiss it pursuant to Rule 4.

### Certificate of Appealability

The Court has considered whether to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which

6

the detention complained of arises out of process issued by a State court"). To issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [ECF No. 1] is **DENIED AND DISMISSED AS TIME-BARRED.** *See* Rule 4 of the Rules Governing § 2254 Proceedings; 28 U.S.C. § 2244(d)(1)(A). A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 3rd day of October, 2025.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE